## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **ABDUL MALIK BEY,** | : | |
| *Public Minister also known as* | : | |
| **GRADY RENARD WILLIAMS, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **NO. 5:23-cv-00322-MTT** |
| | : | |
| **STATE OF GEORGIA,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>ORDER OF DISMISSAL</u>

Plaintiff Abdul Malik Bey, also known as Grady Renard Williams, Jr., a prisoner in Dooly State Prison in Unadilla, Georgia, has filed a civil rights complaint. Compl., ECF No. 1.   Plaintiff has not paid the filing fee for this case, and thus, the Court presumes that he is attempting to proceed in this action *in forma pauperis*.   Plaintiff, however, may not proceed *in forma pauperis* because more than three of his prior federal lawsuits were dismissed on grounds that count as "strikes" under 28 U.S.C. § 1915(g), and Plaintiff has not alleged that he is in imminent danger of serious physical injury. Accordingly, Plaintiff is now **DENIED** leave to proceed *in forma pauperis* and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**, as set forth below.   Alternatively, the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** for failure to state a claim, as discussed below.

### THREE STRIKES RULE

Federal law bars a prisoner from bringing a "civil action" in federal court *in forma*

*pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   This is known as the "three strikes provision."   Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim.   *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).   Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury.   *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed various federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim.   *See, e.g., Williams v. Ga. Dep't of Corr.*, Case No. 5:15-cv-00425-CAR-MSH (M.D. Ga. Dec. 8, 2015) (dismissing for failure to state a claim and as frivolous); *Williams v. Owens*, Case No. 5:13-cv-00254-MTT-MSH (M.D. Ga. Sept. 15, 2014) (dismissing for failure to state a claim); *Williams v. Owens*, Case No. 6:13-cv-00016-BAE-JEG (S.D. Ga. Nov. 27, 2013) (dismissing for failure to state a claim). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury.   28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an

2

"ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).   Complaints of past injuries are not sufficient.  *See Medberry*, 185 F.3d at 1193.   Vague and unsupported claims of possible dangers likewise do not suffice.  *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).   The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's complaint asserts that he has been deprived of his right to travel without due process because the statute under which he was convicted does not have an enacting clause.  *See* Compl. 1-4, ECF No. 1.   Plaintiff has also filed an "affidavit of an injured party," in which he asserts that he is a "secured party, superior claimant, holder in due course, and principal creditor" and that Timothy Ward and Gregory Sampson have refused to return property that belongs to Plaintiff.   Aff. of an Injured Party, ECF No. 3.   Nothing in his allegations suggests that Plaintiff is any danger of serious physical injury, much less imminent danger.   Accordingly, Plaintiff is **DENIED** leave to proceed *in forma pauperis*, and this action is **DISMISSED WITHOUT PREJUDICE**.[1]

---

[1]In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.   Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $402.00 filing fee.

**FAILURE TO STATE A CLAIM**

Even if Plaintiff's complaint was not subject to dismissal under the three-strikes rule, it would be dismissed for failure to state a claim on which relief may be granted. Under 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."   A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").   In making the above determinations, all factual allegations in the complaint must be viewed as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).

Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless," the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); see *also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional).

In his complaint, Plaintiff asserts that the State of Georgia is unlawfully detaining him. Compl. 1, ECF No. 1. Plaintiff further asserts that his right to travel has been unlawfully restricted because the statute under which he was convicted did not contain an enacting clause. *Id.* at 2-3.

First, the State of Georgia is not a proper defendant in a 42 U.S.C. § 1983 action. In this regard, the Eleventh Amendment bars suits directly against a state or its agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The State of Georgia is thus protected by sovereign immunity. *Id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability). Accordingly, the State of Georgia is not a proper defendant to this suit.

Second, even if Plaintiff had named a proper defendant, he has not set forth a claim on which relief may be granted.   In particular, Plaintiff's claim that the statute under which he was convicted is unconstitutional because it does not contain an enacting clause fails because the United States Constitution does not require a statute to have an enacting clause.   *See United States v. Laroche*, 170 F. App'x 124, 126 (11th Cir. 2006) (per curiam).   Moreover, to the extent that Georgia law requires an enacting clause, the Georgia Supreme Court has held that a Georgia criminal statute does not need to contain an enacting clause on its face because "the Official Code of Georgia included an enacting clause when it was adopted by the legislature" and, as passed originally by the Georgia General Assembly, "the statute itself includes an enacting clause."   *Spencer v. State*, 286 Ga. 483, 483 (Ga. Sup. Ct. 2010) (citing O.C.G.A. § 1-1-1).

The remainder of Plaintiff's complaint and his "affidavit of an injured party" are frivolous.   In this regard, Plaintiff's arguments bear the hallmarks of a "sovereign citizen" and/or "Redemptionist" theory.   So-called "sovereign citizens" generally rely "on the Uniform Commercial Code  ("UCC"), admiralty laws, and other commercial statutes to argue that, because he has made  no contract [with the courts or government], neither entity can foist any agreement upon him."   *United States v. Perkins*, No. 1:10-cr-97-1, 2013 WL 3820716, at *1 (N.D. Ga. July 23, 2013) aff'd, 787 F.3d 1329 (11th Cir. 2015).   Redemptionists claim that government has power only over the strawman and not over the live person, who remains free.   *See Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2009).   Individuals can free themselves by filing UCC filing statements, thereby acquiring an interest in their strawman.   *Id*.   Thereafter, the real person can

demand that government officials pay enormous sums of money to use the strawman's name or, sometimes in the case of prisoners, to keep him in custody. *Id.*

Both the "sovereign citizen" and "Redemptionist" theories are frivolous legal theories that have been consistently rejected by federal courts. *See Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases and noting that "[t]heories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources"); *Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792, 2013 WL 1281776, at *5 (N.D.Ala. Mar. 27, 2013) ("The . . . theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system."); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding  the sovereign citizen argument to be to "wholly insubstantial and frivolous"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting sovereign citizen argument as "shop worn" and frivolous).   Moreover, Plaintiff has filed several pleadings with sovereign citizen type claims which have also been dismissed as frivolous. *See e.g., Bey v. Oliver*, Case No. 5:23-cv-00086-MTT-CHW (M.D. Ga. Mar. 22, 2023); *Williams v. Whittington,* Case No. 5:22-cv-00156-MTT-TQL (M.D. Ga. Apr. 28, 2022); *Williams v. United States,* Case No. 5:21-cv-00061-MTT-CHW (M.D. Ga. Apr. 2, 2021); *Williams v. Ward,* Case No. 5:20-cv-00061-MTT-CHW (M.D. Ga. Feb. 28, 2020); *Williams v. Bryson,* Case No. 5:17-cv-00026-WLS-TQL (M.D. Ga. Mar. 13, 2017); *Williams v. Ga. Dep't of Corrs.,* Case No. 5:15-cv-00425-CAR-MSH (M.D. Ga. Dec. 8, 2015).   Once again, Plaintiff's factual allegations in this regard are clearly baseless and "rise to the

level of the irrational or wholly incredible."   Therefore, this complaint is alternatively

**DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**CONCLUSION**

For the foregoing reasons, Plaintiff is **DENIED** leave to proceed *in forma pauperis*

in this action, and this action is **DISMISSED WITHOUT PREJUDICE** under the three-

strikes rule, and alternatively, because Plaintiff has failed to state a claim for relief.

**SO ORDERED**, this 2nd day of October, 2023.


S/ Marc T. Treadwell_____
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT